UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DOREEN STARRISH,<br><br>                Petitioner,<br><br>   v.<br><br>DEBORAH J. WOFFORD,<br><br>                Respondent. | Case No. C18-1257-JCC-JPD<br><br>REPORT AND RECOMMENDATION |

## INTRODUCTION AND SUMMARY CONCLUSION

This is a federal habeas action filed under 28 U.S.C. § 2254. Petitioner Doreen Starrish seeks to challenge in this action her 2014 King County Superior Court judgment and sentence. Respondent has filed an answer to petitioner's amended habeas petition together with relevant portions of the state court record. Petitioner has filed a response to respondent's answer. This Court, having reviewed the submissions of the parties, concludes that this federal habeas action should be dismissed as untimely under 28 U.S.C. § 2244(d).

REPORT AND RECOMMENDATION
PAGE - 1

BACKGROUND

On December 6, 2013, petitioner was found guilty, following a jury trial, on one count of murder in the second degree and one count of possession of heroin. (*See* Dkt. 18, Ex. 1 at 1.) Petitioner was sentenced on January 31, 2014 to a term of 168 months confinement. (*See id.*, Ex. 1 at 4.) Petitioner appealed her conviction to the Washington Court of Appeals, and the Court of Appeals issued an unpublished opinion affirming the conviction on July 27, 2015. (*See id.*, Exs. 2-5.) Petitioner next sought review in the Washington Supreme Court, and the Supreme Court denied review without comment on January 6, 2016. (*Id.*, Exs. 6-7.)

On January 19, 2017, petitioner filed a personal restraint petition in the Washington Court of Appeals, and the Court of Appeals issued an order dismissing the petition on September 25, 2017. (*See id.*, Exs. 8-11.) Petitioner thereafter filed a motion for discretionary review in the Washington Supreme Court. (*Id.*, Ex. 12.) The Supreme Court Commissioner issued a ruling denying review on February 8, 2018. (*Id.*, Ex. 13.) Petitioner filed a motion to modify the Commissioner's ruling, and that motion was denied on May 2, 2018. (*Id.*, Dkts. 14-15.) The Court of Appeals issued a certificate of finality in petitioner's personal restraint proceedings on May 18, 2018. (*See id.*, Ex. 16.)

Petitioner signed her original petition for writ of habeas corpus on August 18, 2018, and the Court received the petition for filing on August 23, 2018. (*See* Dkt. 1.) Because of deficiencies in petitioner's original petition, the Court declined to serve the petition but granted petitioner leave to file an amended petition. (*See* Dkt. 12.) Petitioner's amended petition was received by the Court for filing on November 16, 2018, and the Court thereafter ordered that the amended petition be served on respondent. (*See* Dkts. 13, 15.) Respondent filed her answer to

REPORT AND RECOMMENDATION
PAGE - 2

the amended petition on January 8, 2019, and petitioner filed her response to the answer on January 31, 2019. (Dkts. 17, 18, 19.) This matter is now ripe for review.

## DISCUSSION

Respondent argues that petitioner's federal habeas petition is untimely under the federal statute of limitations, 28 U.S.C. § 2244(d). (*See* Dkt. 17 at 6-8.) Pursuant to § 2244(d)(1), a one year period of limitation applies to an application for a writ of habeas corpus filed by a person in custody pursuant to the judgment of a state court. The one year limitation period generally begins to run from the date of the conclusion of direct review, or "the expiration of the time for seeking such [direct] review," whichever is longer. 28 U.S.C. § 2244(d)(1)(A). In this case, the period for direct review ended, at the latest, upon the expiration of the period for filing a petition for writ of certiorari with the United States Supreme Court. *See Bowen v. Roe* 188 F.3d 1157, 1158-59 (9th Cir. 1999).

The Washington Supreme Court denied petitioner's petition for review on direct appeal on January 6, 2016. (Dkt. 17, Ex. 7.) Petitioner had 90 days following the entry of that ruling (as opposed to the issuance of the state mandate), or until approximately April 5, 2016, to file a petition for writ of certiorari with the United States Supreme Court. *See* Rules 13.1 and 13.3 of the Rules of the Supreme Court of the United States. Because petitioner did not file a petition for writ of certiorari, her conviction became final on or about April 5, 2016. *See* 28 U.S.C. § 2244(d)(1)(A). Petitioner's one year statute of limitations began to run on the following day. *See Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002).

The one year limitation period is tolled for any "properly filed" collateral state challenge to the state conviction. 28 U.S.C. § 2244(d)(2). Petitioner filed a timely personal restraint petition in the Washington Court of Appeals on January 19, 2017, which stopped the clock on

the federal statute of limitations.  At that time, 288 days had run on the statute of limitations.  The Washington Supreme Court issued its order denying petitioner's motion to modify the Commissioner's ruling in petitioner's personal restraint proceedings on May 2, 2018, thus concluding review in the state courts.  The statute of limitations began to run again the following day, May 3, 2018, and expired 77 days later on July 19, 2018.  Petitioner signed her original petition for writ of habeas corpus on August 18, 2018, 30 days after the statute of limitations expired.

The statute of limitations governing federal habeas petitions is also subject to equitable tolling.  *Holland v. Florida*, 560 U.S. 631 (2010).  However, the Ninth Circuit has made clear that equitable tolling is justified in very few cases, noting that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule."  *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002).  A petitioner bears the burden of showing that equitable tolling should be applied.  *Id*. at 1065.

In order to receive equitable tolling, a petitioner must show "(1) that [s]he has been pursuing h[er] rights diligently, and (2) that some extraordinary circumstance stood in h[er] way."  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  "[T]he requirement that extraordinary circumstances 'stood in h[er] way' suggests that an external force must cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude application of equitable tolling.'"  *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (quoting *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008)).

Petitioner asserts in her response to respondent's answer that her petition is timely.  (*See* Dkt. 19.)  However, it appears clear that petitioner did not understand how to properly calculate

the limitations period. Petitioner maintains that she had an additional 90 days to file her federal habeas petition after the one year limitations period expired. (*See* Dkt. 19 at 2.) Petitioner is incorrect. While the statute of limitations did not originally begin to run until 90 days after the Washington Supreme Court denied petitioner's petition for review on direct appeal, this was because her conviction was not deemed final until the period for filing a petition for writ of certiorari in the United States Supreme Court expired. The same 90 day period does not come into play on collateral review. Petitioner had 365 days within which to file her federal habeas petition, excluding only the time during which her personal restraint petition remained pending in the state courts. Petitioner did not file her petition within that period.

Petitioner also asserts in her response that she is entitled to equitable tolling of the limitations period. However, petitioner fails to clearly explain why she believes this to be the case. This Court must therefore conclude that petitioner is not entitled to equitable tolling.

Because petitioner filed her petition outside of the § 2254 statute of limitations period, and because petitioner has not demonstrated that she is entitled to equitable tolling of the limitations period, her petition is time-barred and must therefore be dismissed.

## Certificate of Appealability

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of her federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of [her] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v.*

REPORT AND RECOMMENDATION
PAGE - 5

*Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that petitioner is not entitled to a certificate of appealability in this matter.

## CONCLUSION

For the reasons set forth above, this Court recommends that petitioner's amended petition for writ of habeas corpus, and this action, be dismissed with prejudice. This Court further recommends that a certificate of appealability be denied. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than March 19, 2019. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **March 22, 2019.**

This Report and Recommendation is not an appealable order. Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this 25th day of February, 2019.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 6