THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DOREEN STARRISH, | CASE NO. C18-1257-JCC |
| Petitioner, | ORDER |
| v. | |
| JO WOFFARD, | |
| Respondent. | |

This matter comes before the Court on Petitioner Doreen Starrish's objections (Dkt. No. 22) to the Report and Recommendation (Dkt. No. 20) of the Honorable James P. Donohue, United States Magistrate Judge. Having thoroughly considered Petitioner's objections and the relevant record, the Court finds oral argument unnecessary and hereby OVERRULES Petitioner's objections in part, ADOPTS the Report and Recommendation in part, and REFERS the petition back to the Honorable Michelle Peterson, United States Magistrate Judge for further proceedings as explained herein.

**I. BACKGROUND**

Petitioner is currently serving a 168-month sentence at the Washington Corrections Center for Women in Gig Harbor, Washington. (Dkt. No. 18-1 at 5.) On December 6, 2013, Petitioner was convicted of second degree murder with a deadly weapon and possession of heroin in King County Superior Court. (*Id.* at 2.) Petitioner appealed her conviction, which the

Washington Court of Appeals affirmed in an unpublished opinion on July 27, 2015. (*Id.* at 280.) Petitioner then sought review by the Washington State Supreme Court, which denied her petition without comment on January 6, 2016. (*Id.* at 128.) At that point, Petitioner had 90 days to file a writ of certiorari to the United States Supreme Court. *See* Rules 13.1 and 13.3 of the Rules of the Supreme Court of the United States. She did not do so.

On January 19, 2017, Petitioner filed a personal restraint petition ("PRP") in the Washington Court of Appeals, raising various challenges to her conviction. (Dkt. No. 18-1 at 147–171.) The Court of Appeals dismissed Petitioner's PRP on September 25, 2017. (*Id.* at 393.) Petitioner then filed a motion for discretionary review in the Washington Supreme Court, which the Supreme Court Commissioner denied on February 8, 2018. (*Id.* at 394, 426.) Petitioner filed a motion to modify the Commissioner's ruling, which was denied on May 2, 2018. (*Id.* at 431.) The Court of Appeals issued a certificate of finality regarding Petitioner's PRP, stating that the PRP became final on May 18, 2018. (*Id.* at 458.)

On August 18, 2016, Petitioner filed a petition for a writ of habeas corpus with this Court. (Dkt. No. 1.) Because of deficiencies in Petitioner's original petition, Judge Donohue declined to serve it, and granted Petitioner leave to amend. (*See* Dkt. 12.) Petitioner then filed an amended petition, which the Court received on November 16, 2018. (Dkt. No. 13.) Petitioner raises two grounds for relief: (1) that her trial counsel provided ineffective assistance of counsel by failing to test potentially exculpatory evidence; and (2) that the prosecutor's addition of the heroin charge prior to trial maliciously prejudiced her to the jury. (*Id.* at 6–8.)

Respondent filed her answer to the amended petition on January 8, 2019. (Dkt. No. 17.) Respondent argued that the petition was not timely filed pursuant to 28 U.S.C Section 2254(d). (*Id.* at 6.) Further, Respondent asserted that Petitioner had not demonstrated grounds for equitable tolling of the statute of limitations. (*Id.* at 7.) On February 25, 2019, Judge Donohue issued a Report and Recommendation, which recommended that the Petitioner's claims be dismissed as time-barred. (Dkt. No. 20.) Petitioner filed objections to the Report and

Recommendation, arguing that her petition was timely filed and that she is entitled to equitable tolling. (*See* Dkt. No. 22.)

## II. DISCUSSION

### A. Standard of Review

With respect to habeas corpus petitions, a district judge must "determine *de novo* any proposed finding or recommendation to which objection is made. The district judge may accept, reject, or modify any proposed finding or recommendation." Rule 8(b) of the Rules Governing Section 2254 Cases. Additionally, a district judge may "direct the parties to expand the record" or conduct an evidentiary hearing. *Id.* at Rule 7(a). Magistrate judges may conduct evidentiary hearings when warranted. *Id.* at Rule 8(b).

### B. Statute of Limitations

A state prisoner seeking relief under 28 U.S.C. Section 2254 must file her petition for a writ of habeas corpus within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," whichever is later. 28 U.S.C § 2244(d)(1)(A). The statute of limitations is tolled during the period when a petitioner's properly filed application for collateral review is pending in state court. *See Pace v. DiGuglielmo*, 544 U.S. 408 (2005). As such, the statute of limitations runs from the date a final judgment is entered in state court and the time for direct review has expired, and is tolled only if a petitioner seeks collateral review in state court. 28 U.S.C § 2244(d)(2).

Judge Donohue correctly concluded that Petitioner's petition was untimely. (Dkt. No. 20 at 2.) Judge Donohue accurately summarized the relevant dates as follows:

> [Petitioner's] conviction became final on or about April 5, 2016. *See* 28 U.S.C. § 2244(d)(1)(A). Petitioner's one year statute of limitations began to run on the following day. *See Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002).
>
> The one year limitation period is tolled for any "properly filed" collateral state challenge to the state conviction. 28 U.S.C. § 2244(d)(2). Petitioner filed a timely personal restraint petition in the Washington Court of Appeals on January 19, 2017, which stopped the clock on the federal statute of limitations. At that time, 288 days had run on the statute of limitations. The Washington Supreme Court issued its

order denying petitioner's motion to modify the Commissioner's ruling in petitioner's personal restraint proceedings on May 2, 2018 . . . [and] the statute of limitations began to run again the following day, May 3, 2018, and expired 77 days later on July 19, 2018.

(*Id.* at 3–4.) Petitioner's time to file expired on July 19, 2018, but she did not sign her petition until 30 days later on August 18, 2018.[1] (*Id.* 20 at 4.) Petitioner's claim was therefore not timely filed. The Court ADOPTS Judge Donohue's Report and Recommendation as to the untimeliness of Petitioner's petition pursuant to 28 U.S.C. Section 2254(d) and OVERRULES Petitioner's objections on that ground. (*Id.* at 1.)

### C. Equitable Tolling

The doctrine of equitable tolling applies to Section 2254 petitions. *Holland v. Florida*, 560 U.S. 631, 645 (2010). The statute of limitations may be equitably tolled if a petitioner meets her burden to show that she (1) has been pursuing her rights diligently, and (2) was prevented from timely filing by extraordinary circumstances. *Id.* at 649. Extraordinary circumstances that may allow for equitable tolling are generally external factors that are outside the petitioner's control. *Harris v. Carter,* 515 F.3d 1051, 1055 (9th Cir. 2008). Equitable tolling is not warranted when a petitioner has miscalculated or misunderstood the statute of limitations. *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

In some circumstances, when a petitioner argues that she is entitled to equitable tolling, the district court should develop the factual record before deciding the issue. *See Laws v. Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003) (reversing and remanding because the "district court failed to develop the record in response to petitioner's asserted grounds for equitable tolling). If a petitioner has "sufficiently alleged" that external circumstances prevented the timely

---

[1] The date that a petitioner's state PRP becomes final for the purposes of 28 U.S.C Section 2254(d) is a question of state law. *See Carey v. Saffold*, 536 U.S. 214, 214 (2002). The Ninth Circuit recently certified a question to the Washington Supreme Court, asking whether the date of the Washington State Supreme Court's denial of review, or the date stated on the Washington Court of Appeal's certificate of finality is the date that ends statutory tolling. *See Phonsavanh Phongmanivan v. Haynes*, 2019 WL 1285260, slip op. at 1 (9th Cir. 2019).

ORDER
C18-1257-JCC
PAGE - 4

filling of her habeas petition, further factual development is warranted. *Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013); *Fox v. Holland*, 2016 WL 2742195, slip op. at 5 (N.D. Cal. 2016) ("A district court errs when it grants judgment against a habeas petitioner in advance of developing a full record.").

In her objections, Petitioner argues for the first time that the Court should apply equitable tolling because she has diligently pursued her rights, and external circumstances prevented her from timely filing her petition. (*See* Dkt. No. 22.) Petitioner asserts that she was prevented from timely filing because: (1) she was denied access to the correctional facility's law library due to closures and a power outage; (2) the correctional facility's law librarian erroneously advised her that she had 90 additional days to file her petition; and (3) as a result of being in segregation, she was denied access to her legal papers and the law library. (*Id.* at 2–5, 12–15.)

The record is not sufficiently developed to allow the Court to rule on Petitioner's equitable tolling arguments, and Judge Donohue was not afforded an opportunity to address this arguments in his Report and Recommendation. As such, the Court REFERS Petitioner's habeas petition to Judge Peterson for further proceedings on the equitable tolling issue.

## III. CONCLUSION

For the foregoing reasons, Petitioner's objections to Judge Donohue's Report and Recommendation (Dkt. No. 22) are OVERRULED in part and the Report and Recommendation is ADOPTED in part. The Court REFERS Petitioner's equitable tolling claim to Judge Peterson for further proceedings.

DATED this 1st day of April 2019.

*[signature: John C. Coughenour]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE