UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DOREEN STARRISH,<br><br>               Petitioner,<br><br>    v.<br><br>DEBORAH J. WOFFORD,<br><br>               Respondent. | Case No. C18-1257-JCC-MLP<br><br>ORDER DIRECTING RESPONDENT TO FILE A SUPPLEMENTAL ANSWER |

This is a federal habeas action brought under 28 U.S.C. § 2254. In February 2019, United States Magistrate Judge James P. Donohue issued a Report and Recommendation recommending that Petitioner's federal habeas petition be dismissed as untimely under 28 U.S.C. § 2244(d). (Dkt. # 20.) In April 2019, the Honorable John C. Coughenour, United States District Judge, issued an Order adopting the Report and Recommendation with respect to Judge Donohue's conclusion that Petitioner's federal habeas petition was untimely, but referring the matter to the undersigned for further consideration of the equitable tolling arguments set forth by Petitioner in her objections to the Report and Recommendation. (Dkt. # 23.) In accordance with Judge Coughenour's Order, the undersigned deems it necessary to obtain a response from Respondent

ORDER DIRECTING RESPONDENT TO
FILE A SUPPLEMENTAL ANSWER - 1

to the specific equitable tolling arguments set forth by Petitioner in her objections, and to permit Petitioner to present any additional evidence she may have to support those arguments.

Accordingly, the Court hereby ORDERS as follows:

(1) Respondent shall file a supplemental answer addressing the equitable tolling arguments set forth by Petitioner in her objections to Judge Donohue's Report and Recommendation not later than **June 24, 2019**.

(2) Petitioner may file a response to Respondent's supplemental answer not later than **June 28, 2019**. Petitioner should include with her response any additional evidence she has demonstrating that she has pursued her rights diligently and that "extraordinary circumstances" made it impossible for her to file her federal habeas petition on time. *See Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009).

In particular, Petitioner should provide the Court with documentation showing that the legal librarian at her facility did, in fact, give her incorrect information regarding the filing deadline, or she should explain why such documentation is unavailable.[1] Petitioner should also provide additional explanation regarding the extent of her law library access during the period in question. The Court notes that Petitioner submitted in support of her objections a document which purports to show her law library access and library closures between May 1, 2018 and August 31, 2018. (Dkt. # 21 at 13-15.) While the Court can discern from that document the days the law library was closed and the days Petitioner actually accessed the library, there are a number of days when Petitioner was apparently scheduled for law library time but did not attend.

---

[1] Petitioner claims in her objections that the legal librarian at her facility advised her in writing of the length of the limitations period, but Petitioner provided no such documentation in support of her objections.

ORDER DIRECTING RESPONDENT TO
FILE A SUPPLEMENTAL ANSWER - 2

Petitioner's library attendance goes to the issue of her diligence in pursuing her rights, and she must therefore explain in greater detail the specifics of that attendance.

(3) Respondent's supplemental answer, once received, should be NOTED on the Court's calendar for consideration on ***June 28, 2019***.

(4) The Clerk is directed to send copies of this Order to Petitioner, to counsel for Respondent, and to the Honorable John C. Coughenour.

DATED this 4th day of June, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge