UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DOREEN STARRISH,

                Petitioner,

v.

DEBORAH J. WOFFORD,

                Respondent.

Case No. C18-1257-JCC-MLP

SUPPLEMENTAL REPORT AND RECOMMENDATION

## I.    INTRODUCTION AND SUMMARY CONCLUSION

This is a federal habeas action filed under 28 U.S.C. § 2254. On February 25, 2019, United States Magistrate Judge James P. Donohue issued a Report and Recommendation recommending that Petitioner's federal habeas petition be dismissed as untimely under 28 U.S.C. § 2244(d). (Dkt. # 20.) On April 1, 2019, the Honorable John C. Coughenour, United States District Judge, issued an Order adopting the Report and Recommendation with respect to Judge Donohue's conclusion that Petitioner's federal habeas petition was untimely, but referring the matter to the undersigned for further consideration of the equitable tolling arguments set forth by Petitioner in her objections to the Report and Recommendation. (Dkt. # 23.)

SUPPLEMENTAL REPORT AND
RECOMMENDATION - 1

The undersigned directed Respondent to file a supplemental answer addressing Petitioner's equitable tolling arguments, and Respondent filed her supplemental answer on June 24, 2019. (Dkt. # 25.) Petitioner thereafter filed a response to the supplemental answer. (Dkt. # 28.) The briefing is now complete and this matter is ripe for review. The undersigned, having reviewed all briefing of the parties as it pertains to the issue of equitable tolling, concludes that Petitioner is not entitled to equitable tolling of the statute of limitations. Petitioner's federal habeas petition should therefore be dismissed, with prejudice, as untimely under 28 U.S.C. § 2244(d).

## II.     DISCUSSION

### A.     Equitable Tolling Standard

The statute of limitations governing federal habeas petitions is subject to equitable tolling in appropriate circumstances. *Holland v. Florida*, 560 U.S. 631 (2010). The Ninth Circuit has made clear that equitable tolling is justified in very few cases, noting that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002). A petitioner bears the burden of showing that equitable tolling should be applied. *Id*. at 1065.

In order to receive equitable tolling, a petitioner must show "(1) that [s]he has been pursuing h[er] rights diligently, and (2) that some extraordinary circumstance stood in h[er] way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "[T]he requirement that extraordinary circumstances 'stood in h[er] way' suggests that an external force must cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude application of equitable tolling.'" *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (quoting *Harris v. Carter*, 515 F.3d 1051, 1055

SUPPLEMENTAL REPORT AND
RECOMMENDATION - 2

(9th Cir. 2008)). A petitioner must also establish that the extraordinary circumstance was, in fact, the reason the federal habeas petition was untimely. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).

**B.    Analysis**

Petitioner asserted in her response to Respondent's original answer that she was entitled to equitable tolling of the limitations period, but she failed to explain why she believed that to be the case. (*See* Dkt. # 19.) In her objections to Judge Donohue's Report and Recommendation, Petitioner made a more detailed argument regarding equitable tolling. (Dkt. # 22.) Specifically, Petitioner argued that there are extraordinary circumstances warranting equitable tolling because (1) she received misinformation from the law librarian regarding the number of days she had to file her petition, (2) she had limited access to her legal materials and to the law library, and (3) Judge Donohue denied her request for a 60 day extension of time to file her petition in August 2018. (*Id.*)

*1.    Misinformation Regarding Deadline*

Petitioner claims she was told by the legal librarian at her facility that she had an additional 90 days to file her federal habeas petition after the one-year limitations period expired, leading her to believe that she had a total of 103 days left to file her federal habeas petition after her personal restraint proceedings concluded in the state courts. (*See id*. at 2, 15.) However, the information Petitioner received was incorrect and, thus, her calculation of the filing deadline was incorrect. As Judge Donohue explained in his Report and Recommendation, Petitioner had 365 days within which to file her federal habeas petition excluding only the time during which her personal restraint petition remained pending in the state courts. (Dkt. # 20 at 5.) She was not

SUPPLEMENTAL REPORT AND
RECOMMENDATION - 3

entitled to an additional 90 days after her state court proceedings concluded, she was entitled to only what remained of the original 365 days, which was 77 days. (*See id*. at 4-5.)

Miscalculation of the limitations period does not constitute the type of extraordinary circumstance that would entitle Petitioner to equitable tolling. *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that "a *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance"); *Ford v. Pliler*, 590 F.3d 782, 789 (9th Cir. 2009) (observing that the equitable tolling standard "has never been satisfied by a petitioner's confusion or ignorance of the law alone"). The fact that the miscalculation may have been based on faulty information received from someone else does not elevate an ordinary miscalculation to an extraordinary circumstance. *See Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (attorney miscalculation and "negligence in general" not sufficient to warrant equitable tolling).

As noted above, Petitioner attributes the miscalculation to the legal librarian at her facility, and she attached to her objections to Judge Donohue's Report and Recommendation a copy of a note purportedly written by the legal librarian which describes the formula Petitioner used to calculate her filing deadline. (*See* Dkt. # 22, Ex. B at 3.) According to Beverly Hayes, the legal librarian at Petitioner's facility, she did not prepare the note or provide Petitioner information regarding court deadlines. (Dkt. # 26, ¶ 7.) Ms. Hayes indicates, however, that she recognizes the handwriting on the note as belonging to another prisoner, Stephanie McCrea, who used to be a law clerk at the facility. (*Id*.) If Petitioner had received the same incorrect information from her own counsel, she would not be entitled to equitable tolling. *See Miranda, supra; Frye, supra*. The fact that Petitioner received the incorrect information from a fellow prisoner, albeit a law clerk, does not change the result. Petitioner's miscalculation of the limitations period does not entitle her to equitable tolling.

SUPPLEMENTAL REPORT AND
RECOMMENDATION - 4

### 2. *Limitations on Library Access*

Petitioner claims that limitations on access to her legal papers and to the law library also hindered her ability to file her petition on time. According to Petitioner, these limitations resulted from time she spent in segregation and from closures of the law library during relevant periods.

#### i. Segregation

Petitioner asserts that she was denied her legal papers, and access to the law library, in December 2017, January 2018, and August 2018 while she was housed in segregation. (Dkt. # 22 at 2.) Documentation submitted by Respondent in support of her supplemental answer shows that Petitioner received infractions in October 2017 and January 2018, both of which resulted in Petitioner being sent to segregation for periods of seven days. (Dkt. # 27, Attach. A, B.) Another infraction in August 2018 resulted in an additional five days in segregation as well as other sanctions. (*Id.*, Attach. C.)

Respondent's documentation also shows that Petitioner accessed the law library four times in January 2018 while she was housed in the segregation unit, and approximately 150 times in total between January 19, 2017, the date she filed her petition for post-conviction relief in the state courts, and July 19, 2018, the date the statute of limitations expired. (*See* Dkt. # 27, Attach. B at 42-52.) Petitioner fails to demonstrate, in light of the significant amount of library access she was afforded, that her inability to access her legal materials or the law library for brief periods of time while housed in segregation in October 2017 and January 2018 in any way impacted her ability to file a timely federal habeas petition. As to any time Petitioner spent in segregation in August 2018, this could not have affected her ability to timely file her petition because the statute of limitations had already expired by that time.

SUPPLEMENTAL REPORT AND
RECOMMENDATION - 5

ii. Law Library Closures

Petitioner also asserts that law library closures between May 1, 2018 and August 31, 2018 interfered with her ability to timely file her federal habeas petition. (Dkt. # 22 at 3.) Petitioner contends that the library was closed for a total of 33 days during this period, including nine weekdays in June 2018 when the library would typically have been open, and 24 weekend days when the library was apparently not scheduled to be open. (*See id*. and Ex. B.) The evidence in the record confirms that the law library was closed on June 12, 2018, and from June 19, 2018 through June 28, 2018. (*See* Dkt. # 22, Ex. B; Dkt. # 26, ¶ 6 and Attach. A.)

Petitioner argues that under Ninth Circuit authority she was entitled to the full one year promised by the Antiterrorism and Effective Death Penalty Act ("AEDPA") to file her petition, and that the library closures deprived her of some of those days. Petitioner relies on the Ninth Circuit's decision in in *Grant v. Swarthout*, 862 F.3d 914 (9th Cir. 2017), to support her argument that the library closures entitle her to equitable tolling.

In *Grant*, the petitioner filed a petition for state post-conviction relief 354 days after his conviction became final. *Id*. at 916. The petitioner received notice that his state petition had been denied seven days before the federal statute of limitations expired. *Id*. at 917. Upon receiving notification that his state petition had been denied, the petitioner immediately requested a "prison account certificate" which was required for him to file a federal habeas petition *in forma pauperis*. *Id*. Petitioner was entirely dependent on prisoner officials to provide him with this document. *Id*. at 925. Petitioner did not receive the prison account certificate until 28 days after he submitted his request, and he filed his federal habeas petition the same day. *See id*. at 917.

The district court dismissed the petition as untimely and in so doing held that the petitioner was not entitled to equitable tolling because he had not shown he was diligent the

SUPPLEMENTAL REPORT AND
RECOMMENDATION - 6

entire 354 days preceding his filing of his petition for state post-conviction relief, and that such a showing was necessary to entitle him to equitable tolling. *Id*. The Ninth Circuit rejected this conclusion, holding that "it was improper for the district court to fault the petitioner for filing his state petition for postconviction relief late in the statute-of-limitations period in reliance on his having a full year to file both his state and federal petitions, as promised by AEDPA." *Id*. at 919.

*Grant* is distinguishable from the instant case. In *Grant*, the Ninth Circuit's decision turned on the fact that the petitioner had established the existence of an extraordinary circumstance, *i.e.*, prison officials' failure to promptly complete a task necessary for petitioner to file his federal habeas petition, and that this extraordinary circumstance was the reason the petitioner failed to file his federal habeas petition within the limitations period. *See id*. at 925-26. In this case there is simply no evidence that Petitioner experienced such an "extraordinary circumstance," nor that the library closures, even if they could properly be deemed an "extraordinary circumstance," were the actual cause of Petitioner's failure to file her federal habeas petition within the limitations period.

It appears clear from the record that the "but for" cause of Petitioner's failure to timely file her federal habeas petition was the miscalculation of her filing deadline. As explained above, such a miscalculation does not entitle Petitioner to equitable tolling of the limitations period.

        3.    *Prior Request for 60 Day Extension*

Finally, Petitioner appears to complain that Judge Donohue refused to consider her request for an extension of the deadline to file her federal habeas petition which she submitted in conjunction with her original petition. (*See* Dkt. # 22 at 2-3.) However, the deadline for filing a federal habeas petition is established by statute and may not simply be extended by Order of the Court. Even if the Court had considered, and granted, Petitioner's motion for extension of time,

SUPPLEMENTAL REPORT AND
RECOMMENDATION - 7

it would not have precluded Respondent from seeking dismissal on statute of limitations grounds nor would it have automatically entitled Petitioner to equitable tolling of the limitations period. *See Sossa v. Diaz*, 729 F.3d 1225, 1231-35 (9th Cir. 2013). Judge Donohue's decision to strike, rather than rule on, Petitioner's motion for an extension of time does not entitle her to equitable tolling.

### C.     Miscarriage of Justice

In her response to Respondent's supplemental answer, Petitioner raises one additional argument in support of her effort to proceed with her otherwise time-barred petition. Specifically, Petitioner asserts that she is entitled to a "fundamental miscarriage of justice" exception based on blood evidence which she is seeking to have tested and which she believes would have caused the jury to acquit her had it been presented at trial. (Dkt. #28 at 2.)

There is an equitable exception to the statute of limitations for a credible showing of actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). However, the Supreme Court has cautioned that tenable actual innocence claims are rare. *Id*. "[A] petitioner does not meet the threshold requirement unless [s]he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find h[er] guilty beyond a reasonable doubt." *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)); *see also House v. Bell*, 547 U.S. 518, 538 (2006) (emphasizing that the *Schlup* standard is demanding and rarely met). In order to make a credible claim of actual innocence, a petitioner must "support h[er] allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324.

SUPPLEMENTAL REPORT AND
RECOMMENDATION - 8

Petitioner indicates that she filed a motion with the King County Superior Court in June 2018 seeking to have the blood evidence tested, but is still awaiting the test results. (*See* Dkt. # 22 at 17-20; Dkt. # 28 at 1-3.) However, nothing in the record suggests that the Superior Court granted, or even considered, Petitioner's motion to conduct the requested blood test. Thus, Petitioner's assertion that this evidence would have altered the outcome of her trial is speculative at best. Such speculation is insufficient to meet the very demanding *Schlup* standard. Petitioner's claim that she is entitled to a fundamental miscarriage of justice exception based on her actual innocence therefore fails.

### D.      Certificate of Appealability

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of her federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of h[er] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that Petitioner is not entitled to a certificate of appealability in this matter.

### III.    CONCLUSION

The Court previously determined that Petitioner's federal habeas petition was filed beyond the limitations period set forth in 28 U.S.C. § 2244(d). This Court now concludes that Petitioner is not entitled to equitable tolling of the limitations period, nor is she entitled to a fundamental miscarriage of justice exception to her time-barred petition. This Court therefore

SUPPLEMENTAL REPORT AND
RECOMMENDATION - 9

recommends that Petitioner's petition for writ of habeas corpus be dismissed, with prejudice, as untimely under § 2244(d). This Court further recommends that a certificate of appealability be denied. A proposed order accompanies this Report and Recommendation.

### IV.   OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **September 11, 2019**. Objections, and any response, shall not exceed twelve pages. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar **fourteen (14)** days after they are served and filed. Responses to objections, if any, shall be filed no later than **fourteen (14)** days after service and filing of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on the date that objections were due.

DATED this 21st day of August, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge

SUPPLEMENTAL REPORT AND
RECOMMENDATION - 10